**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| MARK ANTHONY CONLEY,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN TABLER,<br><br>Defendant. | CAUSE NO. 3:26-CV-490-TLS-JEM |

**OPINION AND ORDER**

Mark Anthony Conley, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 2.) Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Conley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, within his complaint Conley makes a request for appointment of counsel. (ECF 2 at 2.) Unlike in a criminal case, "[t]here is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v.*

[1] Conley was granted two extensions of time to file an amended complaint; he was not under an obligation to amend but he requested an opportunity to do so. (*See* ECF 14, 18.) The most recent extension order cautioned him that if he did not file an amended complaint by October 5, 2026, his original complaint could be treated as the operative pleading for purposes of screening under 28 U.S.C. § 1915A. (ECF 18.) That deadline has passed and no amended complaint was filed. To avoid further delay, the case will proceed to screening on the original complaint.

*Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Instead, "the assistance of a pro bono lawyer in civil litigation is a privilege." *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020).

The Seventh Circuit has instructed that when a request is made for *pro bono* counsel, the court is to make the following inquiries: "(1) has the indigent plaintiff made reasonable efforts to retain counsel or been effectively precluded from making such efforts before requesting appointment," and if so, "(2) given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself." *Pruitt*, 503 F.3d at 654 (citations and internal quotation marks omitted). Deciding whether to recruit an attorney is a "difficult decision," because "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson*, 750 F.3d at 711. Here, Conley does not describe any efforts he made to find an attorney on his own, nor has he made any showing that he was effectively precluded from looking for an attorney before making this request. He has not satisfied the first prong of the *Pruitt* inquiry, and the court declines to recruit an attorney for him.

Turning to the complaint, Conley is an inmate at the Tippecanoe County Jail. His complaint stems from an incident occurring at the Pulaski County Jail in June 2024. (ECF 2 at 1.) He does not provide any factual content about the events underlying his claim and instead refers the court to a prior lawsuit, *Conley v. Tabler*, *et al.,* No. 3:24-CV-700-GSL-AZ (N.D. Ind. closed Oct. 8, 2025). In that lawsuit, Conley was granted leave to proceed against Pulaski County Jail Officers Daniel Ross and Officer Ross Rienholt for allegedly using excessive force against him on or about June 23, 2024. *Id.*, ECF 16. His claim against Stephen Tabler, the Jail Commander, was dismissed at screening for failure to state a claim. *Id.* After substantial proceedings occurred in the case, including months of discovery and the filing of a motion for

summary judgment by the defendants, Conley stopped participating and mail sent to him by the clerk was returned as undeliverable. *Id.*, ECF 53. After he also failed to respond to a show cause order, the case was dismissed in October 2025 for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Id.*, ECF 59–60.

In April 2026, Conley returned to federal court with the present complaint. (ECF 2.) As stated, he does not provide any details about the events underlying his claims and instead states simply that he "need[s] help getting this lawsuit back on track," referring to the prior case. (ECF 2 at 2.) Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards, which is all that he has done here. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis omitted).

Furthermore, Conley already litigated a claim against Commander Tabler based on this incident. Claim preclusion, also called *res judicata*, bars the relitigation of claims that were brought or could have been brought in another suit that has reached final judgment. *Taylor v. Sturgell*, 553 U.S. 880, 891–92 (2008). The doctrine was intended to "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 892 (citation, internal quotation marks, and alteration omitted). For the doctrine to apply, there must be: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Hwy. J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (citation and internal quotation marks omitted). There is an identity of causes of action if the cases "arise out of the same transaction or occurrence." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007). If these requirements are

met, *res judicata* bars not only those issues that were actually decided in the prior case, but also claims that could have been raised and were not. *Id.* at 283. Although *res judicata* is an affirmative defense, "dismissal at screening is proper when it is clear from the face of the complaint that res judicata bars the claims." *Atherton v. St. Vincent Hosp.*, 774 F. App'x 304, 305 (7th Cir. 2019) (citation and internal quotation marks omitted).

These requirements are satisfied here. It is clear from the face of the complaint that both cases involve the same parties: Conley and Commander Tabler (among others). There is an identity of the causes of action, as both cases stem from an incident occurring in June 2024 at the Pulaski County Jail in which Conley was allegedly injured by employees of the jail. There was also a final judgment on the merits in the earlier case. Conley's claim against Commander Tabler was dismissed for failure to state a claim, which operates as an adjudication on the merits. *Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (explaining dismissal for failure to state a claim counts as final judgment on the merits for *res judicata* purposes). The remainder of the case was dismissed pursuant to Rule 41(b), which also constitutes a final judgment on the merits.[2] Fed. R. Civ. P. 41(b); *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 838 (7th Cir. 2015) ("A dismissal for failure to prosecute 'operates as an adjudication on the merits[.]'") (citation omitted). Therefore, the present lawsuit is barred by *res judicata*.

Ordinarily, the court should afford an unrepresented litigant an opportunity to cure defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024–25 (7th Cir. 2013). That does not mean leave to amend must always be given. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th

---

[2] If the dismissal is specified to be without prejudice, then it does not act as an adjudication on the merits. Fed. R. Civ. P. 41(b). Where, as here, the order is silent as to whether the dismissal is with or without prejudice, it acts as an adjudication on the merits. *See id.*

Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Here, the court finds no basis to conclude that if given another opportunity, Conley could state a viable claim against Commander Tabler in light of his prior lawsuit. Permitting him to amend would be futile.

For these reasons, the court DISMISSES this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and DIRECTS the clerk to close the case.

SO ORDERED on November 16, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT